E-FILED
Wednesday, 22 July, 2020 05:29:29 PM
Clerk, U.S. District Court, ILCD



**STATE OF ILLINOIS, CIRCUIT COURT**

Champaign **COUNTY**

# ORDER OF PROTECTION

**Civil Proceeding** ☐ **Interim** ☐ **Plenary**

**Criminal Proceeding** ☑ **Final**

**Case Number**

*For Court Use Only*

☐ **Independent**
☐ **Juvenile**
☑ **Other Civil Proceeding**
☐ **Criminal**
☐ **This *Order* has been granted Pursuant to the Code of Criminal Procedure 725 ILCS 5/112A**

**Instructions ▾**

Directly above, enter the county where you filed this case.

Enter your name as Petitioner.

Check the boxes for **ALL** people you want to include in the *Order*.

On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying.

Enter name of the person you are seeking protection from as Respondent.

Enter the Case Number given by the Circuit Clerk.

**Petitioner:** Rose Meacham
*(First, middle, last name)*

People to be Protected by this *Order (check all that apply)*:

☑ Petitioner
☐ Petitioner's minor children with Respondent:
☐ Petitioner's minor children not related to Respondent:
☐ Dependent adult:
☐ High risk adult:
☐ Other household members:

**v.**

**Respondent:** Sam Beshers
*(First, middle, last name)*

| **NOTE:** | If you are completing this form for a minor child, a dependent adult, or a high risk adult, insert information needed below as if you were that person. In other words, do not use your information. |
|---|---|

**1. Petitioner's** ☐ **address OR** ☐ **alternative address for notice**

325 Ramblewood Road DuPage Illinois 60137
*Street Address, Apt #* *City* *State* *Zip*

rsm397@nyu.edu
*Email*

**2. Respondent's date of birth *(if known)*:** ______ Sex: Male Race White

**3. Respondent's address *(if known)*:**

2325/21 Beckman Institute, 405 North Mathews Avenue Urbana Illinois 61801
*Street Address, Apt #* *City* *State* *Zip*

University of Illinois Urbana-Champaign
*Respondent's Employer* *Respondent's work hours*

beshers@illinois.edu
*Respondent's Employer-Street Address* *City* *State* *Zip*

**THE COURT ORDERS THAT:**

☑ Respondent shall not abuse or threaten to abuse Petitioner *(see R01, page 2)*
☑ Respondent shall stay away from Petitioner *(see R03, page 2)*

**FOR ADDITIONAL ORDERS, READ THIS ENTIRE FORM**

Enter the Case Number given by the Circuit Clerk: ____________________

☐ This *Order* was issued on: July 21, 2020 (*Date*) at 7am (*Time*)

☐ This *Order* will end on: ____________ (*Date*) at ____________ (*Time*)

☐ This *Order* will end as entered on page 9.

**NEXT HEARING *(interim Orders only)*:** There will be a hearing on: TBD (*Date*) at ____________ (*Time*)

at Federal Case in Central Disctrict Courthouse (*Address of Courthouse*) in ____________ (*Courtroom*)

| **Respondent:** | A plenary *(final)* order of protection may be entered if Respondent does not come to this hearing. |
|---|---|

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court makes findings**

☐ Are stated on page 10 and 11 of this *Order*; OR

☐ Were made orally and videotaped or recorded by a court reporter and are incorporated into this *Order*.

**THE COURT ORDERS THAT ALL SECTIONS SELECTED BELOW BE OBEYED:**

☑ **1. No Abuse** *(see page 4 of Petition)* (R01) (Police Enforced)

Respondent shall not threaten or commit the following acts of abuse towards Petitioner *(check all that apply)*:

- ☑ Harassment
- ☑ Interference with Personal Liberty
- ☑ Physical Abuse
- ☑ Stalking
- ☑ Exploitation of a High Risk Adult with Disabilities
- ☑ Intimidation of a Dependent
- ☑ Willful Deprivation
- ☑ Neglect of a High Risk Adult with Disabilities

☐ **2. Possession of Residence** *(see page 5 of Petition)* (R02) (Police Enforced)

☐ Exclusive possession of residence is granted to Petitioner.

☐ Respondent must stay at least ____________ feet away from the residence located at:

____________________________________________
*Street Address, Apt #* *City* *State* *Zip*

OR

☐ Respondent must stay away from the residence of Petitioner BECAUSE *(check one)*:

☐ Petitioner has a right to live there and Respondent has no right; OR

☐ Petitioner and Respondent both have the right to live there, but it would be harder on Petitioner to leave the residence after considering the factors set forth in 750 ILCS 60/214(b)(2)(B).

☐ Provision of alternate housing

☐ Respondent shall provide alternate housing for Petitioner on or before: ____________ (*Date*)

☐ Such housing shall meet the following requirements: ____________________

☑ **3. Stay Away from Petitioner and Certain Places** *(see page 4 of Petition)* (R03) (Police Enforced)

☑ Respondent shall not have any communication with Petitioner and stay away from Petitioner at all times.

☐ Respondent shall stay at least ____________ feet away from Petitioner at all times.

| **Respondent:** | If any protection in Section 3 is granted, Respondent must not have ANY physical, non-physical, direct or indirect contact with Petitioner. This also includes contact through others who may not know about the *Order of Protection*. It also forbids oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. |
|---|---|

☑ Respondent shall not be at or stay at any of these places while Petitioner is there:

☐ Residence located at: ______________________

*Street Address, Apt #* | *City* | *State* | *Zip*

☑ Places of employment of Petitioner, located at:

University of Illinois Urbana-Champaign

*Name* | *Street Address* | *City* | *State* | *Zip*

*Name* | *Street Address* | *City* | *State* | *Zip*

☐ Schools, kindergartens, or daycare centers of Petitioner, located at:

*Name* | *Street Address* | *City* | *State* | *Zip*

*Name* | *Street Address* | *City* | *State* | *Zip*

☑ Other locations:

All University Locations

*Name* | *Street Address* | *City* | *State* | *Zip*

*Name* | *Street Address* | *City* | *State* | *Zip*

☐ Respondent shall have the right to enter the residence listed in Section 2 once to retrieve the property as provided in Section 10 of this Order.

☑ School Restrictions *(see page 6 of Petition)*

University of Illinois Urbana-Champaign is an elementary, middle, or high

*Name of School*

school attended by both Respondent and Petitioner, a person protected by this *Order*.

After considering the factors in 750 ILCS 60/214(b)(3)(B):

☑ Respondent shall not attend this school for as long as a Petitioner is enrolled there;

☐ Respondent shall accept a change of placement or program at this school as determined by the public school district or by this private or non-public school; OR

☐ Respondent shall follow these restrictions on movement within the school: ______________________

☐ Requirements for Parents and Guardians

Respondent is a minor. To ensure that Respondent follows this *Order*, ______________________

*Name of Parent or Guardian*

shall do the following: ______________________

☑ **4. Counseling** *(see page 7 of Petition)* (R04) (Court Enforced)

Respondent must do the following and file proof with the Circuit Clerk by ______________ *(check all that apply)*:

*Date*

☐ Enroll in and successfully complete a Domestic Violence Partner Abuse program.

☐ Get an alcohol and substance abuse evaluation and complete any recommended counseling or treatment.

☐ Get a mental health evaluation and complete any recommended counseling or treatment.

☑ Other: Anger management training and sexual harassment, prejudice courses

| **Respondent:** | Respondent MUST fully participate in all sessions of outpatient or inpatient treatment recommended by the evaluating agency, as often and for as long as that agency or other referred providers recommend. Respondent must file with the Circuit Clerk monthly attendance and progress reports written by each treatment provider. |
|---|---|

☐ **5. Care and Possession of Children** *(see page 8 of Petition)* (R05) (Police Enforced)

| **Law Enforcement:** | The provisions of this section are Police Enforced IF Respondent is ordered *(see page 2, R03)* to stay away from the minor children listed as "protected" as checked below. |
|---|---|

☐ Respondent and Petitioner are the parents of the following minor children:

| Child's Name (first, middle, last) | Age | State of Residence | Included as Protected Party? |
|---|---|---|---|
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |

☐ The primary caretaker of the minor children is: ☐ Petitioner ☐ Respondent ☐ Other person:

_______________________________________________

*Name* *Street Address* *City* *State* *Zip*

☐ Petitioner is granted the physical care and possession of the minor children that Petitioner and Respondent have together, AND:

☐ Respondent shall, personally or through a law enforcement agency as authorized by the court, return the minor children to the physical care of:

☐ Petitioner ☐ other person: ______________________________

*Name of Other Person*

☐ Respondent shall return the children to: ______________________________

*Street Address, Apt #* *City* *State* *ZIP*

☐ on ☐ by: ______________________ at ______________ in the presence of:

*Date* *Time*

_______________________________________________

*Name of Person or Name of Law Enforcement Agency*

☐ Respondent shall not remove the minor children from the physical care of Petitioner or from a school, babysitter, daycare provider, or any person caring for the children.

☐ Within 24 hours of this *Order* being entered, the Circuit Clerk shall send written notice of the *Order* to the following school, daycare, or health care providers:

_______________________________________________

*Name* *Street Address* *City* *State* *Zip*

_______________________________________________

*Name* *Street Address* *City* *State* *Zip*

☐ For the safety of Petitioner, the name and location of the school or daycare is listed on the *Confidential Name & Location of the School or Daycare* form.

☐ **6. Temporary Significant Decision-Making Responsibility** ***(formerly custody)*** (R06) (Court Enforced)

*(see page 8 of Petition)*

The Court awards Petitioner all significant decision-making responsibility *(formerly custody)* of the minor children that Petitioner and Respondent have together.

The Court finds that:

☐ Paternity has not been established; OR

☐ Paternity has been established:

☐ The children of the parties were born before or during the marriage, or within 300 days of termination of the marriage.

☐ The parties are NOT married but there HAS been a legal determination of parentage through one or more of the following:

1. Both parties are listed as parents on an Illinois birth certificate.
2. Both parties have signed a Voluntary Acknowledgment of Parentage.
3. A judicial or administrative decision.
4. Other: ______________________________

☐ **7. Respondent's Parenting Time *(formerly visitation)* with the Minor Children** (R07) (Court Enforced)

*(see pages 8 - 9 of Petition)*

☐ Parenting time is RESERVED until a later hearing. *(The Court will not make ANY decision on parenting time at this time)*

☐ Parenting time is ☐ DENIED until further order, OR ☐ RESTRICTED because Respondent is likely to:

- ☐ Abuse or endanger the children during parenting time.
- ☐ Use parenting time to abuse or harass Petitioner, Petitioner's family, or household members.
- ☐ Improperly hide or detain the children.
- ☐ Act in a way that is not in the best interest of the children.

☐ Parenting time is GRANTED as follows: *(include a.m. or p.m.)*

☐ Every ______________________ from ____________ to ____________
*Days* *Time* *Time*

☐ Each weekend ☐ Alternating weekends as follows:

- ☐ from Friday at ____________ to Saturday at ____________
- ☐ from Friday at ____________ to Sunday at ____________
- ☐ from Saturday at ____________ to Sunday at ____________
- ☐ from Saturday at ____________ to Saturday at ____________
- ☐ from Sunday at ____________ to Sunday at ____________

☐ Other: ______________________________________________

______________________________________________

______________________________________________

☐ In order to protect Petitioner from further abuse, Respondent shall not go to Petitioner's residence to meet the minor children for parenting time.

☐ Date of first parenting time shall be on: ____________ at ____________
*Date* *Time*

Pickup and return for parenting time shall take place at *(list name and address)*:

☐ Police Department: ______________________________________________
*Name* *Street Address* *City* *State* *Zip*

☐ Sheriff's Department: ______________________________________________
*Name* *Street Address* *City* *State* *Zip*

☐ Safe Exchange Center: ______________________________________________
*Name* *Street Address* *City* *State* *Zip*

☐ Other location: ______________________________________________
*Name* *Street Address* *City* *State* *Zip*

☐ Responsibility for transportation of the children for parenting time shall be as follows:

______________________________________________

☐ Parenting time shall take place at: ______________________________________________
*Street Address* *City* *State* *Zip*

☐ Parenting time shall be supervised by: ______________________________________________ ,
*Name of Person or Agency*

who has filed an *Affidavit of Parenting Time Supervisor* with the court accepting responsibility and acknowledging accountability.

☐ At the end of parenting time, Respondent shall immediately return the children to Petitioner or the following person designated by Petitioner: ______________________________________________ ,
*Name of Designated Person*

who has filed an affidavit with the court accepting responsibility and acknowledging accountability.

| **Respondent:** | Petitioner may by law deny you access to the minor children if, when you arrive for parenting time, you are under the influence of drugs or alcohol and constitute a threat to the safety and well-being of Petitioner or the minor children of Petitioner or you are behaving in a violent or abusive manner (750 ILCS 60/214(b)(7)). |
|---|---|

☐ **8. No Concealment or Removal of Children** *(see page 9 of Petition)* (R08) (Police Enforced)

Respondent shall not hide the minor children within the State or remove the children from Illinois.

☐ **9. Appear with Children** *(see page 10 of Petition)* (R09) (Court Enforced)

Respondent shall appear ☐ alone ☐ with minor children at: _______________________________
*Address of Courthouse*

_______________________ in Courtroom _______________ on _____________ at _____________
*Date* *Time*

to *(check all that apply)*:

☐ Prevent abuse, neglect, removal or concealment of the children.
☐ Return the children to the custody or care of Petitioner.
☐ Permit a court-ordered interview or examination of the children or Respondent.

☐ **10. Possession of Personal Property** *(see page 5 of Petition)* (R10) (Court Enforced)
*(does not affect ownership of property)*

☐ Petitioner is awarded possession of the following personal property: _______________________________

_______________________________________________________________

☐ Respondent shall return ☐ all of the property ☐ the following property: _______________________

_______________________________________ to _______________________________
*Name of Person*

The Court finds as follows:

☐ Petitioner, but not Respondent, owns the property.
☐ Petitioner and Respondent both own the property. Sharing it would put Petitioner at risk for abuse, or is not practical. Not having the property would be harder on Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.

☐ Respondent is awarded possession of the following personal property: ☐ clothing ☐ medicine
☐ Other personal property as follows: _______________________________________________

_______________________________________________________________

☐ Personal property shall be transferred at: _______________________________________________
*Street Address* *City* *State* *Zip*

on _______________ at _____________
*Date* *Time*

☐ Personal property shall be transferred only in the presence of:

☐ Law enforcement: _______________________________________________ ; OR
*Name of Law Enforcement Agency*

Date to be obtained from Law Enforcement by: ☐ Petitioner ☐ Respondent

☐ Another person: _______________________________
*Name*

☑ **11. Restrictions on Property** *(see page 6 of Petition)* (R11) (Court Enforced)

☐ Respondent shall not take, transfer, encumber, conceal, damage, or otherwise dispose of any real or personal property, except as explicitly authorized by the Court, BECAUSE *(check all that apply)*:

☐ Petitioner, but not Respondent, owns the property.
☐ Petitioner and Respondent both own the property. Not having the property would be harder on Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.

☐ Restrictions on Resources; Aged Petitioner
Respondent is prohibited from improperly using financial or other resources of an aged Petitioner for the advantage of Respondent or any other person.

☐ **11.5 Possession of Animals** *(see page 6 of Petition)* (R11.5) (Court Enforced)

Petitioner shall the have care, custody, and control over the following animals: ______________________

______________________________________________________________________

Respondent shall stay away from the animals and Respondent is forbidden from taking, transferring, concealing, harming, or otherwise disposing of the animals.

☐ **12. Temporary Support** *(see page 7 of Petition)* (R12) (Court Enforced)

The Court finds that Respondent is: ☐ unemployed ☐ self employed ☐ employed by:

______________________________________________________________________

*Name* *Street Address* *City* *State* *Zip*

and has approximate net pay in the amount of: $______________ ☐ weekly ☐ every two weeks ☐ twice a month ☐ monthly

☐ Respondent shall pay temporary child support to Petitioner

In the amount of $______________ ☐ weekly ☐ every two weeks ☐ twice a month ☐ monthly

☐ Payments shall begin on: ______________ and shall continue until further order of the Court.
*Date*

Payments shall be made through the: ☐ Circuit Clerk OR ☐ State Disbursement Unit (SDU) for Child Support. *(Payment shall not be paid directly to Petitioner)*

OR

☐ A child support order will be entered.

AND/OR

☐ Respondent shall pay temporary support (maintenance) to Petitioner

in the amount of $______________ ☐ weekly ☐ every two weeks ☐ twice a month ☐ monthly

☑ **13. Payment of Losses Due To Abuse** *(see page 7 of Petition)* (R13) (Court Enforced)

☐ Respondent shall pay Petitioner for losses suffered as a direct result of abuse, neglect, or exploitation, including:

- ☐ Medical expenses………………………………………………………………… $__________
- ☐ Lost earnings……………………………………………………………………… $__________
- ☐ Repair or replace property damaged or taken……………………………………… $__________
- ☐ Moving and other travel expenses………………………………………………… $__________
- ☐ Reasonable expenses for housing other than a domestic violence shelter………... $__________
- ☐ Expenses for search and recovery of children……………………………………… $__________
- ☑ Reasonable attorney's fees………………………………………………………… $__________
- ☐ Other: ______________________________________________ $__________

The total amount of:

☐ $______________ by ______________
*Date*

☐ Payments in the amount of: $__________ ☐ weekly ☐ every two weeks ☐ twice a month ☐ monthly

☐ **14. No Entry or Presence Under Influence** *(see page 5 of Petition)* (R14) (Court Enforced)

Even though Respondent is not required by this *Order* to stay away from the residence of Petitioner at all times, Respondent is not allowed to enter or remain in that residence while under the influence of drugs or alcohol and threatening the safety or well-being of Petitioner or Petitioner's children.

☐ **14.5 Firearms** *(see page 6-7 of Petition)* (R14.5) (Court Enforced)

The Court has examined Petitioner and any other witnesses under oath. The Court finds that Respondent:

- ☐ Has appeared personally in court after receiving notice of this hearing; OR
- ☐ Failed to appear personally after having received actual notice.
- ☐ This *Order* restrains Respondent from abusing, stalking, or threatening their intimate partner or children of the intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to themselves or their children; AND the Court finds that:
  - ☐ Respondent represents a credible threat to the physical safety of Respondent's intimate partner or their children; OR
  - ☐ This *Order* prohibits the use, attempted use, or threatened use of physical force against Respondent's intimate partner or their children that could reasonably be expected to cause bodily injury.

| **Respondent:** Respondent is automatically prohibited from possessing a firearm while this *Order* is in effect, under Federal Law 18 USC 922(g)(8). |
|---|

Therefore:

- ☐ Respondent shall surrender all firearms in their possession to this law enforcement agency, which shall take possession of them: ______________________________
  *Name of Law Enforcement Agency*
- ☐ Respondent shall immediately turn over any FOID card in their possession to this law enforcement agency, which shall take possession of it: ______________________________
  *Name of Law Enforcement Agency*
- ☐ Respondent's conceal and carry license is suspended during the duration of this *Order*. Respondent must turn over the license to the court at the time this *Order* is entered or to this law enforcement agency, which shall take possession of it: ______________________________
  *Name of Law Enforcement Agency*

When this *Order* ends, Respondent's firearms and FOID card shall be returned to Respondent upon request if the FOID card is not expired and there is no other order restricting Respondent's possession of those firearms.

☐ **15. Children's Records** *(see page 10 of Petition)* (R15) (Court Enforced)

Respondent is not allowed to access, inspect, or obtain school records or any other records of the minor children in the care of Petitioner because *(check all that apply)*:

- ☐ This *Order of Protection* prohibits Respondent from having contact with the minor children.
- ☐ The actual address of Petitioner is not included due to the risk of further abuse.
- ☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor children.

☐ **16. Shelter Reimbursement** *(see page 7 of Petition)* (R16) (Court Enforced)

Respondent shall pay $ ______________ to ______________________________
*Shelter Name*

for the cost of services and shelter provided to Petitioner.

☑ **17. Miscellaneous Remedies** *(see page 10 of Petition)* (R17) (Court Enforced)

- ☑ Respondent is further ordered as follows: Attend mandatory anger management and additional training for sexual harassment, discrimination and prejudice based on disability and sex/gender.

☐ **18. Telephone Services** *(see page 6 of Petition)* (R18) (Court Enforced)

- ☐ Petitioner uses the following telephone numbers for which a wireless telephone provider provides service for Respondent and Petitioner:
  Name of Provider: ______________________________
  Name of Account Holder: ______________________________
  Respondent's Billing Phone #: ______________________________

Petitioner Phone #: ____________________

Petitioner Phone #: ____________________

☐ After considering the evidence and pursuant to 725 ILCS 5/112A-14(b)(18),the wireless telephone service provider shall terminate Respondent's use of Petitioner's phone number, transfer to Petitioner the right to use these phone numbers, and transfer to Petitioner all financial responsibility associated with future use of these phone numbers.

**Petitioner:** STOP! Only the Judge or Circuit Clerk shall enter anything below this point.

☐ **RULINGS PURSUANT TO** 750 ILCS 60/221(a)(2) and (b)(2)

☐ The relief requested in Paragraphs: ☐ 2 ☐ 3 ☐ 10 ☐ 11 ☐ 16 ☐ Other: ____________________
in the *Petition* is DENIED because the balance of hardships does not support the granting of the remedy; the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to Petitioner from the denial of the remedy; OR because: ____________________

____________________

☐ The relief requested in Paragraphs: ____________________
in the *Petition* is RESERVED.

☐ **COMPLIANCE HEARING**

☐ A compliance hearing will be held on: ______________ at ____________ on the following issues: ____________
*Date* *Time*

____________________

☐ Respondent is ordered to appear and bring the following documents: ____________________

____________________

**PLENARY *(FINAL)* ORDERS ONLY:**

**If no specific date for expiration is entered on page 2, this *Order* will remain in effect until:**

☐ 1.* Final judgment is entered in related case number: ____________________

☐ 2.* This *Order* is modified or vacated by the Court *(if incorporated into the final judgment of another civil proceeding)*.

☐ 3.* Expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, or supervised mandatory release, plus 2 years.

☐ 4.* Expiration of a term of imprisonment set by this court, plus 2 years.

** This Order may last more than 2 years if it is entered in conjunction with a civil or criminal proceeding.*

☐ 5. Termination of any voluntary or involuntary commitment, or until: ____________________
*Date (not to exceed 2 years)*

☐ 6. Until disposition, withdrawal or dismissal of the underlying charge if entered during pre-trial release. If case is continued as an independent cause of action, for a fixed period of time not to exceed 2 years.

☐ 7. Final disposition when a Bond Forfeiture Warrant has issued, or until: ____________________
*Date (not to exceed 2 years)*

☐ 8. Further order of the Court only by extension; special findings needed.

**ENTERED:** ____________________ ______________
*Judge* *Date*

I hereby certify that this is a true and correct copy of the original order on file with the Court.
Clerk of the Circuit Court of ____________________ County Illinois ______________
*Date*

____________________
*Seal (and signature, as locally required)*

Copies given to: ☐ Petitioner ☐ Respondent in Open Court ☐ Respondent via Sheriff ☐ LEADS ☐ Sheriff ☐ State's Attorney

To be completed by the judge:

☐ There is reason to believe Respondent is *(check all that apply)*: ☐ armed ☐ dangerous ☐ suicidal

**FINDINGS:**

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court finds that:**

1. The people protected by this *Order* are:
   - ☐ Petitioner
   - ☐ Minor children listed in the caption of this *Order*
   - ☐ Other Protected Persons listed on page 1 of this *Order*
2. The Petitioner has the following relationship to Respondent:

| | | |
|---|---|---|
| ☐ Boyfriend / Girlfriend (including ex) (BG) | ☐ Spouse (SE) | ☐ Ex-Spouse (XS) |
| ☐ Has Children with Respondent (never married to Respondent) (CC) | ☐ Sharing or Shared Home (CS) | ☐ Child (CH) |
| ☐ Parent (PA) | ☐ Brother or Sister (SB) | ☐ Other Family Member (OF) |
| ☐ Other – Petitioner not Related to Respondent (OT) | ☐ In-law (IL) | ☐ Personal Caregiver to Disabled Petitioner (PC) |
| ☐ Petitioner with Disability (PD) | ☐ Personal Assistant of Petitioner (PR) | ☐ Grandchild (GC) |
| ☐ Grandparent (GP) | ☐ Step-Child (SC) | ☐ Step-Brother or Step-Sister |
| ☐ Prospective or Adoptive Child has Family or Household Relationship with Respondent | ☐ Foster Child has Family or Household Relationship with Respondent | ☐ Legally Appointed Guardian or Custodian of a Child who has a Family or Household Relationship with |
| ☐ Step-Parent (SP) | | |

3. ☐ Respondent has received notice of Petitioner's request for an *Order of Protection*.
   ☐ Petitioner has diligently attempted to complete service of process, but has not been able to serve Respondent.
   ☐ Petitioner has given notice by publication.
   ☐ Petitioner is present in person in court. ☐ Represented by: _______________
   *Name of Lawyer*
4. ☐ Respondent has filed an answer or appearance.
   ☐ Respondent is not present in court, and is in default.
   ☐ Respondent is present in person in court. ☐ Represented by: _______________
   *Name of Lawyer*
5. In granting the remedies in this *Order*, the Court has considered all relevant factors, including: the nature, frequency, severity, pattern, and consequences of Respondent's past abuse, neglect, or exploitation of Petitioner or any family/household member, including Respondent's concealment of their location in order to evade service of process notice, and the likelihood of danger of future abuse, neglect, or exploitation to Petitioner or any member of Petitioner's or Respondent's family or household; and the danger that any minor child(ren) will be abused, neglected, removed from the jurisdiction, improperly concealed within the State, or improperly separated from the child(ren)'s primary caretaker. The Court finds that:
   - The Court has jurisdiction over Petitioner, Respondent, minor children and other Protected Persons.
   - Venue is proper.
   - Respondent has abused Petitioner and/or the children identified as protected persons in Section 5 on page 4 and/or the Protected Persons listed on Page 1 of this *Order*.
   - The actions of Respondent will likely cause irreparable harm or continued abuse unless they are prohibited.
   - It is necessary to grant the requested relief in this *Order* to protect Petitioner or other abused persons.
6. Other Relevant Factors and Findings (*check all that apply*):
   ☐ An *Order of Protection* has previously been entered in this case or in another case in which any party, or a child

any party, has been named as either Respondent or Petitioner.

☐ An abused person is unable to bring this *Petition* on their own behalf due to age, health, disability, or

☐ The *Petition* has been filed on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member.

☐ There is reason to believe Respondent is *(check all that apply)*: ☐ armed ☐ dangerous ☐ suicidal

7. ☐ The Court is entering this *Order* based on the following prima facie evidence (*check one*):
   - ☐ an information, complaint, indictment or delinquency petition, charging a crime of domestic violence or charging an attempt to commit a crime of domestic violence; OR
   - ☐ an adjudication of delinquency, a finding of guilt based upon a plea, or a finding of guilt after a trial for a crime of domestic battery; OR
   - ☐ any disposition order issued under Section 5-710 of the Juvenile Court Act of 1987, the imposition of supervision, conditional discharge, probation, periodic imprisonment, parole, aftercare release, or mandatory supervised release for a crime of domestic violence or an attempt to commit a crime of domestic violence, or imprisonment in conjunction with a bond forfeiture warrant; OR
   - ☐ the entry of a protective order in a separate civil case brought by the Petitioner against Respondent.

## IMPORTANT INFORMATION ABOUT THIS *ORDER OF PROTECTION*

**TO BOTH PARTIES:** This *Order* CANNOT BE CHANGED OR VACATED unless you have a hearing. To have a Petitioner or Respondent must do the following:

1. File a written motion with the Circuit Clerk that lists the reasons why you want to change or vacate this *Order*;
2. Get a time for the hearing from the Circuit Clerk; AND
3. Provide the other party with a copy of your motion and notify the other party in writing of the time and place of the hearing.

**TO RESPONDENT:** The Court has granted this *Order*. If you do not obey this *Order*, you could be arrested and charged with a crime.

- Petitioner cannot give you legal permission to change this *Order*. Only the Court can change this *Order*. If you have contact with Petitioner that is prohibited by this *Order*, you may be arrested.
- If you and Petitioner want to have contact with each other again, you must ask the Court to modify or dismiss this *Order of Protection*.
- Unless the Court changes or dismisses this *Order*, you can be arrested for violating this *Order of Protection*.

You may ask the Court to re-open this *Order* if you did not receive notice before this *Order* was signed. To do this you must file a motion stating that (1) you did not receive prior notice, and (2) you have a valid defense to the *Order*, or that the *Order*, or any of its remedies, was not authorized under the law.

Any knowing violation of an *Order of Protection* forbidding physical abuse, neglect, exploitation, harassment, interference with personal liberty, willful deprivation, or entering or remaining present at specified places when any Protected Persons are present, or granting exclusive possession of the residence or household or granting a stay away order is a Class A misdemeanor. Grants of exclusive possession of the residence or household shall constitute notice forbidding trespass to land. Any knowing violation of an order awarding parental responsibility (formerly custody) or care of a child or prohibiting removal or concealment of a child may be a Class 4 felony. Any willful violation of any contempt of court. Any violation may result in fine or imprisonment.

**TO PETITIONER:** You cannot change the terms of this *Order* by your words or actions.

- If the Court has ordered no contact or given you sole possession of the residence, only the Court can allow the Respondent to contact you or return to the residence.
- If you want to have contact with the Respondent again, you MUST ask the Court, in a written motion to change vacate this *Order of Protection*.
- You cannot be charged with a violation of this *Order*.

**TO PARENTS OR GUARDIANS OF MINOR RESPONDENTS:** The Court may hold you in contempt of court if a minor respondent in your care violates this *Order* and you have helped, encouraged, or directed the minor to do so.

## NOTICE ABOUT ENFORCEMENT:

**This *Order of Protection* is enforceable, even without registration, in all 50 states, the District of Columbia, lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U.S.C. § 2265), provided notice this *Order of Protection* has been provided to the Respondent. Violating this *Order of Protection* may subject the Respondent to state and/or federal charges and punishment. 18 U.S.C. §§ 2261-2262. This *Order* is directed to the Respondent. Except under accountability circumstances, which should be assessed by the Attorney, Petitioner cannot be guilty of violation of an *Order of Protection*.**

### DEFINITION OF TERMS USED IN THIS *ORDER*

These definitions are incorporated in and made a part of the *Order* to which they are attached.

1. **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty, or willful deprivation, but does not include reasonable direction of a minor child by a parent or person *in loco parentis*.
2. **Adult with Disabilities**: "Adult with Disabilities" means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any.
3. **Elder Adult with Disabilities**: "Elder adult with disabilities" means an adult prevented by advanced age from taking appropriate action to protect himself or herself from abuse by a family or household member.
4. **Exploitation:** "Exploitation" means the illegal, including tortious, use of a high-risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of a fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.
5. **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their personal assistants, and caregivers as defined in Section 12-4.4a of the Criminal Code of 2012. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.
6. **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to Petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:
   a. creating a disturbance at Petitioner's place of employment or school; or
   b. repeatedly telephoning Petitioner's place of employment, home or residence; or
   c. repeatedly following Petitioner about in a public place or places; or
   d. repeatedly keeping Petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by Petitioner or by peering in Petitioner's windows; or
   e. improperly concealing a minor child from Petitioner, repeatedly threatening to improperly remove a minor child of Petitioner's from the jurisdiction or from the physical care of Petitioner, repeatedly threatening to conceal a minor child from Petitioner, or making a single such threat following an actual or attempted improper removal or concealment, unless Respondent was fleeing an incident or pattern of domestic violence; or
   f. threatening physical force, confinement or restraint on one or more occasions.
7. **High-risk Adult with Disabilities:** "High-risk adult with disabilities" means a person aged 18 or over whose physical or mental disability impairs his or her ability to seek or obtain protection from abuse, neglect, or exploitation.
8. **Interference with Personal Liberty:** "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which they have a right to abstain or to refrain from conduct in which they have a right to engage.
9. **Intimidation of a Dependent:** "Intimidation of a dependent" means subjecting a person who is dependent because of age, health or disability to participation in or the witnessing of: physical force against another or physical confinement or restraint of another, which constitutes physical abuse as defined in this Act, regardless of whether the abused person is a family or household member.
10. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:
    a. the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse; or
    b. the repeated, careless imposition of unreasonable confinement; or
    c. the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance; or
    d. the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or
    e. the failure to protect a high-risk adult with disabilities from health and safety hazards.

    Nothing in this definition shall be construed to impose a requirement that assistance be provided to a high-risk adult with disabilities over his or her objection

in the absence of a court order, nor to create any new affirmative duty to provide support to a high-risk adult with disabilities.

11. **Petitioner:** "Petitioner" may mean not only any named petitioner for the order of protection and any named victim of abuse on whose behalf the petition is brought, but also any other person protected by this Act.
12. **Physical Abuse:** "Physical abuse" includes sexual abuse and means any of the following:
    a. knowing or reckless use of physical force, confinement or restraint; or
    b. knowing, repeated and unnecessary sleep deprivation; or
    c. knowing or reckless conduct which creates an immediate risk of physical harm.
13. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and:
    a. at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement or restraint, and the threat is directed towards that person or a family member of that person; or
    b. placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or
    c. placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or
14. **Willful Deprivation:** "Willful deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person to the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.