E-FILED
Friday, 21 August, 2020 04:42:00 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS – URBANA DIVISION

| | | |
|---|---|---|
| ROSE MEACHAM., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 20-CV-02162 |
| THE UNIVERSITY OF ILLINOIS et al., | ) ) | Honorable Colin S. Bruce |
| Defendants. | ) ) ) | Magistrate Eric I. Long |

## INDIVIDUAL DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Defendants Robert Jones ("Jones"), Stephen Bryan ("Bryan"), Samuel Beshers ("Beshers"), and Aron Barbey ("Barbey") (collectively, "Individual Defendants"), by and through their attorneys, respectfully move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] In support of their Motion to Dismiss, the Individual Defendants state as follows:

1. On June 10, 2020, Plaintiff filed a five-count, 409-paragraph complaint. Dkt. 1 ("Compl.").[2] Plaintiff purports to bring suit against the Board of Trustees of the University of Illinois ("University") and the Individual Defendants. *See id.* ¶ 19. Plaintiff asserts the following five claims: violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"); violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"); violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"); "violation of tax free status"; and "violation of academic freedom laws."

---

[1] The Board of Trustees of the University of Illinois ("University") has been granted an extension of time to file its responsive pleading, to and through September 20, 2020. *See* Dkt. 9; Text Order (Aug. 19, 2020).

[2] In addition to the four Individual Defendants and the University, Plaintiff named the University of Illinois at Urbana-Champaign ("UIUC"), the Office for Student Conflict Resolution, the Graduate College, the Neuroscience Program, the Office of the Dean of the Students, and the Office of the Provost (collectively, "Institutional Defendants") as defendants. *See* Compl. ¶ 19; *see also* Dkt. 4, 6. These offices, programs, and other non-entities are not capable of being sued. *See* 110 ILCS 305/1. As such, counsel cannot enter an appearance for these defendants; however, the Court should *sua sponte* dismiss the Complaint against the Institutional Defendants with prejudice.

HB: 4829-4212-5256.1

2. It is not clear from the face of the Complaint which of the five claims, if any, Plaintiff is asserting against which of the Individual Defendants. Moreover, Plaintiff does not so much as allege any conduct, much less misconduct, by Jones or Barbey. Similarly, the Complaint contains very limited allegations of any conduct by Bryan or Beshers. The Complaint also contains clear legal deficiencies.

3. Under Rule 12(b)(6), the Complaint must be dismissed with prejudice against the Individual Defendants for at least three reasons: (1) there is no individual liability under any of the three statutory claims as a matter of law; (2) there is no cause of action, under any plausible legal theory, for a "violation of tax free status" or for a "violation of academic freedom laws"; and (3) the Complaint contains little to no allegations related to the Individual Defendants, therefore failing to meet the requisite pleading standard with respect to the Individual Defendants for any of the five counts.

4. Specifically, neither Title VII, Title IX, nor the ADA establish a cause of action against any individual person; rather, claims arising under these statutes may only be brought, as relevant, against an employer and/or an educational institution receiving federal funds. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) (Title IX); *United States v. Georgia*, 546 U.S. 151, 154-55 (2006) (ADA); *Dactelides v. Bd. of Sch. Trustees of S. Bend Cmty. Sch. Corp.*, 562 F. App'x 534, 536-37 (7th Cir. 2014) (ADA); *Brewer v. Wisconsin Bd. of Bar Examiners*, 270 F. App'x 418, 421 (7th Cir. 2008) (ADA); *Hogan v. Dixon*, 221 F.3d 1338, 2000 WL 968054, *2 (7th Cir. 2000) (Title VII); *Williams v. Banning*, 72 F.3d 552, 553-55 (7th Cir. 1995) (Title VII; ADA); *Umberger v. City of Peoria*, No. 19-cv-1045-JES-JEH, 2020 WL 1932367, *6, *9 (Apr. 21, 2020 C.D. Ill.) (Title VII; ADA); *Eilenfeldt v. United C.U.S.D. #304 Bd. of Educ.*, No. 4:12-cv-04029-SLD-JAG, 2013 WL 12248080, *5 (Mar. 25, 2013 C.D. Ill.)

(Title IX). As a matter of law, there is no individual liability under Title VII, Title IX, or the ADA. As such, Counts I, II, and III must be dismissed with prejudice against the Individual Defendants.

5. Additionally, there is no constitutional, statutory, or common law right that creates a cause of action for "violation of tax free status" or "violation of academic freedom laws." Where a "claim is not based on any known statutory or common law right," it "does not constitute an independent cause of action." *Om v. Weathers*, No. 91 C 4005, 1991 WL 128514, at *2 (N.D. Ill. July 8, 1991); *see also Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Schneckenburger v. Securitas Sec. Servs. USA, Inc.,* No. 16-1018, 2016 WL 2642952, at *2 (C.D. Ill. May 9, 2016); *Am. Gen. Life Ins. Co. v. Estate of Pergolski*, No. 12-CV-324-WMC, 2012 WL 12995769, at *6 (W.D. Wis. Nov. 26, 2012). As such, Counts IV and V must be dismissed with prejudice against the Individual Defendants.

6. Finally, the Complaint states either no allegations or insufficient allegations of any conduct by the Individual Defendants. Where the facts in the complaint do not permit the Court to infer more than the possibility of misconduct, the plaintiff has not adequately shown she is entitled to relief and dismissal is proper. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Here, Plaintiff pleads zero allegations of conduct by Jones or Barbey, and very limited, inadequate allegations of conduct by Beshers or Bryan. Plaintiff's failure to plead allegations specific to the Individual Defendants necessitates dismissal of her claims against them. *See Hall v. Moleneiro,* No. 19-CV-1135-JBM, 2019 WL 3325788, at *2 (C.D. Ill. July 24, 2019); *Jones v. Butler,* No. 14-CV-00846-NJR, 2014 WL 3734482, at *2 (S.D. Ill. July 29, 2014); *Gekas v. Vasiliades*, No. 10-3066, 2010 WL 2925951, at *2 (C.D. Ill. July 22, 2010). Moreover, the Complaint does not adequately allege the elements of any cause of action, as necessary to survive a motion to

dismiss. As such, Counts I-V must be dismissed with prejudice for failure to adequately plead claims against the Individual Defendants.

WHEREFORE, for the reasons stated above and in the Individual Defendants' accompanying memorandum of law, the Individual Defendants move to dismiss the Complaint against them in its entirety with prejudice.

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ *Peter G. Land*

Peter G. Land #06229659
peter.land@huschblackwell.com
Mary E. Deweese #6326812
mary.deweese@huschblackwell.com
Husch Blackwell LLP
120 South Riverside Plaza
Suite 2200
Chicago, IL  60606
(312) 526-1633

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused the foregoing **INDIVIDUAL DEFENDANTS' MOTION TO DISMISS THE COMPLAINT** to be filed with the Clerk of the court using the CM/ECF system, and forwarded via electronic mail, this 21st day of August, 2020 to plaintiff:

> Rose Meacham
> 325 Ramblewood Drive
> Glen Ellyn, IL 60137
> Meacham.Rose@Gmail.com.

                                                 /s/ *Peter G. Land*