E-FILED
Friday, 21 August, 2020  04:44:55 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS – URBANA DIVISION**

| | | |
|---|---|---|
| ROSE MEACHAM., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-02162 |
| | ) | |
| THE UNIVERSITY OF ILLINOIS et al., | ) | Honorable Colin S. Bruce |
| | ) | |
| Defendants. | ) | Magistrate Eric I. Long |
| | ) | |

### INDIVIDUAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

Plaintiff Rose Meacham was a graduate student at the University of Illinois at Urbana-Champaign ("UIUC") until December 2019. In a 409-paragraph complaint, she alleges that she engaged in unspecified protected activity while at the University and that, as a result of that activity, she was subject to retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). She also vaguely alleges she was subject to "a widespread and continuous pattern of unlawful sex and disability discrimination." On the basis of this purported discrimination and retaliation, Plaintiff attempts to assert five claims: violation of Title VII; violation of Title IX; violation of the ADA; and, without any reference to a statute, regulation, constitutional provision, or common law action, a claim for "violation of tax free status" and a claim for "violation of academic freedom laws."

In addition to naming the Board of Trustees of the University of Illinois ("University") as a defendant, Plaintiff names four University employees in her Complaint:  Robert Jones ("Jones"), Stephen Bryan ("Bryan"), Samuel Beshers ("Beshers"), and Aron Barbey ("Barbey") (collectively,

"Individual Defendants").[1]  None of them should remain as named defendants for several reasons. As a threshold matter, the statutory claims alleged do not provide for individual liability. Plaintiff also does not so much as allege any conduct, much less misconduct, by Jones or Barbey. Accordingly, the Complaint does not state a claim against Jones or Barbey. Similarly, the Complaint contains very limited allegations of any conduct or misconduct by Bryan and Beshers. The Complaint's very limited allegations do not state any viable claim against Bryan and Beshers. Additionally, it is entirely unclear from the face of the Complaint which of the five claims, if any, Plaintiff is asserting against which of the Individual Defendants.

Given the paucity of allegations involving the Individual Defendants and the clear legal deficiencies of the Complaint, the Court should dismiss the Complaint, as it pertains to the Individual Defendants, with prejudice under Federal Rule of Civil Procedure ("Rule") 12(b)(6).[2] More specifically, the Complaint should be dismissed because (1) there is no individual liability under Title VII; (2) there is no individual liability under Title IX; (3) there is no individual liability under the ADA; (4) there is no cause of action based on any plausible legal theory for a "violation of tax free status" or for a "violation of academic freedom laws"; and (5) the Complaint contains little to no allegations related to the Individual Defendants, therefore failing to state any cause(s) of action against any of the Individual Defendants.

---

[1] In addition to the four Individual Defendants and the Board of Trustees of the University of Illinois, Plaintiff named the University of Illinois Urbana-Champaign, the Office for Student Conflict Resolution, the Graduate College, the Neuroscience Program, the Office of the Dean of the Students, and the Office of the Provost (collectively, "Institutional Defendants") as defendants. *See* Compl. ¶ 19; *see also* Dkt. 4, 6. The Institutional Defendants are not capable of being sued. *See* 110 ILCS 305/1. As such, they must be dismissed from this action.
[2] The Board of Trustees of the University of Illinois ("University") has filed a request for an extension of time to file its responsive pleading. Dkt. 9. On August 19, 2020, the Court reset the response deadline for all defendants to September 20, 2020. *See* Text Order (Aug. 19, 2020). The Individual Defendants submit this response in advance of that deadline so that the Court may, as appropriate, set a briefing schedule on this motion; the University will submit its responsive pleading on or before September 20, 2020.

HB: 4833-8147-8856.3

**LEGAL STANDARD**

A motion under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Mutter v. Madigan*, 17 F. Supp. 3d 752, 757 (N.D. Ill. 2014). To survive dismissal, a complaint must be supported by allegations that, if taken as true, plausibly suggest that the plaintiff is entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court must accept the well-pleaded allegations in the complaint as true; however, legal conclusions and conclusory statements are not taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where the well-pleaded facts do not permit the Court to infer more than the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as is required by Rule 8. *Id.* at 679.

**ARGUMENT**

I. **Dismissal of Count I is Required Because There is No Individual Liability Under Title VII.**

Title VII prohibits an employer from discriminating against an employee on the basis of her sex. 42 U.S.C. § 2000e-2. Employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e(b). This definition does not extend to supervisors; "a supervisor does not, in his individual capacity, fall within Title VII's definition of employer." *See id.*; *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). As such, it is well-established that there is no individual liability under Title VII. *See Hogan v. Dixon*, 221 F.3d 1338, 2000 WL 968054, *2 (7th Cir. 2000); *Williams*, 72 F.3d at 553-55; *Umberger v. City of Peoria*, No. 19-cv-1045-JES-JEH, 2020 WL 1932367, *6 (Apr. 21, 2020 C.D. Ill.).

Accordingly, Count I of the Complaint should be dismissed with prejudice as to the Individual Defendants.

II.     **Dismissal of Count II is Required Because There is No Individual Liability Under Title IX.**

Title IX prohibits education programs or activities receiving federal financial assistance from discriminating on the basis of sex. 20 USC § 1681. "Title IX reaches institutions and programs that receive federal funds, which may include nonpublic institutions, but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals." *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) (internal citations omitted). As such, it is well established that there is no individual liability under Title IX. *See id.*; *Eilenfeldt v. United C.U.S.D. #304 Bd. of Educ.*, No. 4:12-cv-04029-SLD-JAG, 2013 WL 12248080, *5 (Mar. 25, 2013 C.D. Ill.).

Accordingly, Count II of the Complaint should be dismissed with prejudice as to the Individual Defendants.

III.    **Dismissal of Count III is Required Because There is No Individual Liability Under the ADA.**

It is not clear whether Plaintiff is bringing a claim under Title I or Title II of the ADA, but Count III fails under either theory. At Title I of the ADA, an employer is prohibited from discriminating against a qualified individual on the basis of disability. 42 U.S.C. §§ 12111, 12112. At Title II, a "public entity" is prohibited from discriminating against a qualified individual on that same basis. 42 U.S.C. § 12132. Neither supervisors nor employees of a public entity fall within the statutory definition of "public entity" or "employer." *See* 42 U.S.C. §§ 12111l, 12131; *Dactelides v. Bd. of Sch. Trustees of S. Bend Cmty. Sch. Corp.*, 562 F. App'x 534, 536-37 (7th Cir. 2014); *Williams*, 72 F.3d at 553-55; *Umberger*, 2020 WL 1932367, *9. As such, it is well-established that individuals are not liable under either Title I or Title II of the ADA. *See United*

4

*States v. Georgia*, 546 U.S. 151, 154-55 (2006); *Dactelides*, 562 F. App'x at 536-37; *Brewer v. Wisconsin Bd. of Bar Examiners*, 270 F. App'x 418, 421 (7th Cir. 2008).

Accordingly, Count III of the Complaint should be dismissed with prejudice as to the Individual Defendants.

## IV.    Dismissal of Counts IV and V is Required Because "Violation of Tax Free Status" and "Violation of Academic Freedom Laws" are Not Legal Claims.

In Counts IV and V, Plaintiff reasserts her claims that an unidentified defendant, or defendants, violated Title VII, Title IX, and the ADA, and based on these violations, purports to bring a claim for a "violation of tax free status" and a "violation of academic freedom laws." Even generously construing Plaintiff's Complaint, there is no cause of action for a "violation of tax free status" or for a "violation of academic freedom laws," and as such, these claims must be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (a complaint which "lacks even an arguable basis in law," including "claims of infringement of a legal interest which clearly does not exist," should be dismissed under Rule 12(b)(6)).

Indeed, where a "claim is not based on any known statutory or common law right," it "does not constitute an independent cause of action." *Om v. Weathers*, No. 91 C 4005, 1991 WL 128514, at *2 (N.D. Ill. July 8, 1991) (dismissing claim based on alleged restriction of "advertising capability" as frivolous); *see also Schneckenburger v. Securitas Sec. Servs. USA, Inc.*, No. 16-1018, 2016 WL 2642952, at *2 (C.D. Ill. May 9, 2016) (dismissing "hearsay" claim because "no such cause of action exists" and it "cannot stand alone as a separate cause of action," even though "assertion that . . . discipline/termination was based solely on hearsay is a valid and potentially powerful argument to be made in" Plaintiff's discrimination claim); *Am. Gen. Life Ins. Co. v. Estate of Pergolski*, No. 12-CV-324-WMC, 2012 WL 12995769, at *6 (W.D. Wis. Nov. 26, 2012) (dismissing claim for "suppression of independence" with prejudice

5

where "[n]o such claim exists under Wisconsin state law"). While Plaintiff's allegations in Counts IV and V may – if read generously – relate to Counts I-III, Counts IV and V do not state independent causes of action and must be dismissed with prejudice.

## V.   All Counts Should Be Dismissed Because the Complaint Contains Either No or Insufficient Allegations Regarding Conduct by the Individual Defendants.

In addition to the numerous technical flaws that require dismissal of all claims against Jones, Barbey, Beshers and Bryan, this Court should recognize the absence of *any* allegations regarding Jones and Barbey, and the absence of any sufficient allegations against Beshers and Bryan.

The requisite pleading standard is that Plaintiff must allege facts that permit the Court "to infer more than the mere possibility of misconduct." *See Ashcroft*, 556 U.S. at 679. Plaintiff has not met this standard for any of the Individual Defendants. With respect to Jones and Barbey, the Complaint lists each in the caption as well as a list of defendants in one paragraph. Compl. ¶ 19. The pleading does not, however, set forth a single allegation about either of them, much less a plausible allegation that either Jones or Barbey engaged in any misconduct. *See Ashcroft,* 556 U.S. at 678-79; *see also Hall v. Moleneiro,* No. 19-CV-1135-JBM, 2019 WL 3325788, at *2 (C.D. Ill. July 24, 2019) ("merely naming a defendant in the caption is insufficient to state a claim"); *Gekas v. Vasiliades*, No. 10-3066, 2010 WL 2925951, at *2 (C.D. Ill. July 22, 2010) (granting motion to dismiss in favor of certain defendants where there were no allegations of misconduct against those individuals in the complaint); *see also Jones v. Butler,* No. 14-CV-00846-NJR, 2014 WL 3734482, at *2 (S.D. Ill. July 29, 2014) ("Insofar as the narrative references various actors by job title, the Court cannot merely cross-reference the named defendants and job titles").

Similarly, the limited factual allegations against Beshers, *see* Compl. ¶¶ 36, 37, 211, 240, 276, and against Bryan, *see id.* at ¶¶ 73, 106, 108, 112-115, 240, 276, are insufficient to permit the

Court to infer more than the mere possibility that either Beshers or Bryan engaged in illegal activity. *See Ashcroft,* 556 U.S. at 678-79; *see also Jones*, 2014 WL 3734482, at *2.

Moreover, none of the five counts identify that they are brought against the Individual Defendants. In fact, each count either exclusively or mostly refers to "Defendant" in the singular. It is not clear from the face of the Complaint whether any of the claims are brought against any of the Individual Defendants; this is insufficient to meet the federal pleading standards, even when the Complaint is generously construed. Plaintiff has not adequately plead the elements of a Title VII, Title IX, and/or ADA claim against any of the Individual Defendants.[3] As such, Plaintiff has failed to state any actionable claims against any of the Individual Defendants.

## CONCLUSION

For the reasons stated herein, Plaintiff has failed to state a claim against the Individual Defendants. The Individual Defendants' Motion to Dismiss should be granted, and the Complaint dismissed with prejudice in its entirety with respect to the Individual Defendants.

---

[3] The Individual Defendants do not address in detail the requisite elements under Title VII, Title IX, or the ADA that Plaintiff must allege to survive a motion to dismiss, because there is no individual liability under those laws, and the Complaint must be dismissed as a matter of law on this basis. However, the Individual Defendants do not in any manner concede that Plaintiff would state an actionable claim but for the dispositive issue of individual liability; Plaintiff has not sufficiently plead the elements of a Title VII claim, a Title IX claim, or an ADA claim (or, for that matter, a "tax free status" or "academic freedom" claim). This is an additional ground upon which the Complaint must be dismissed with respect to the Individual Defendants.

HB: 4833-8147-8856.3

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ *Peter G. Land*

Peter G. Land #06229659
peter.land@huschblackwell.com
Mary E. Deweese #6326812
mary.deweese@huschblackwell.com
Husch Blackwell LLP
120 South Riverside Plaza
Suite 2200
Chicago, IL  60606
(312) 526-1633

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that he caused the foregoing **INDIVIDUAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT** to be filed with the Clerk of the court using the CM/ECF system, and forwarded via electronic mail, this 21st day of August, 2020 to plaintiff:

Rose Meacham
325 Ramblewood Drive
Glen Ellyn, IL 60137
Meacham.Rose@Gmail.com.

/s/ *Peter G. Land* _____

HB: 4833-8147-8856.3