E-FILED
Friday, 18 September, 2020  03:50:00 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS – URBANA DIVISION

| | | |
|---|---|---|
| ROSE MEACHAM., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 20-CV-02162 |
| THE UNIVERSITY OF ILLINOIS et al., | ) ) | Honorable Colin S. Bruce |
| Defendants. | ) ) ) | Magistrate Eric I. Long |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FILINGS AT DOCKET ENTRIES 17-25

Defendants Board of Trustees of the University of Illinois ("University"), Robert Jones, Stephen Bryan, Samuel Beshers, and Aron Barbey (collectively, "Defendants"), by and through their attorneys, respectfully submit this response to Plaintiff's filings submitted to the Court between September 9, 2020 and September 10, 2020. *See* Dkt. 17-25; *see also* Dkt. 15. While acknowledging Plaintiff's *pro se* status, the extent of her filings and other communications lead Defendants to request that the Court strike Plaintiff's filings and direct her to comply with the Federal Rules of Civil Procedure and the Local Rules of United States District Court for the Central District of Illinois. In support of this request, Defendants state as follows:

On June 10, 2020, Plaintiff filed a five-count, 409-paragraph complaint. Dkt. 1. Defendants were served on July 31, 2020.[1] Dkt. 6. Robert Jones, Stephen Bryan, Samuel Beshers, and Aron Barbey (collectively, the "Individual Defendants") filed a motion to dismiss

---

[1] Plaintiff appears to now, in her filings at Dkt. 17-25, vaguely allege that she also named other individuals as defendants, but the caption of her Complaint only identifies the "University of Illinois, et al." as a defendant, and at paragraph 19 of her Complaint, she names the five defendants listed herein, as well as the following six non-entities that are not capable of being sued: the University of Illinois at Urbana-Champaign ("UIUC"), the Office for Student Conflict Resolution, the Graduate College, the Neuroscience Program, the Office of the Dean of the Students, and the Office of the Provost. *See* Dkt. 1 ¶ 19; Dkt. 4, 6; *see also* 110 ILCS 305/1.

the Complaint against them on August 21, 2020, to which Plaintiff failed to respond to by September 15, 2020 as directed by this Court. *See* Dkt. 11-13; Text Order (Aug. 31, 2020). The University was granted an extension of time to file a responsive pleading, and will file its motion to dismiss on September 21, 2020. *See* Dkt. 9; Text Order (Aug. 19, 2020).

Defendants' counsel sent courtesy copies of the Individual Defendants' motion to dismiss to Plaintiff by U.S. Mail, which were returned as undeliverable. Counsel also emailed Plaintiff with courtesy copies; in response, Plaintiff requested that Defendant submit documents to the Court on her behalf. Defendants' counsel advised that no action could be taken on Plaintiff's behalf, nor any legal advice given, but directed Plaintiff to speak with the Court's clerk for any guidance on Court procedures. Approximately three weeks later, Plaintiff then filed a miscellaneous assortment of documents with the Court, including but not limited to:

- MOTION to Transfer Case to Northern District, MOTION to Request Counsel, MOTION for Protective Order, MOTION for Subpoenas as to Evidence, Dkt. 17;
- SECOND MOTION to Transfer Case to Northern District, Dkt. 18;
- MOTION for decision regarding the motion to dismiss the federal court case to be delayed until an attorney is appointed to plaintiff Rose Meacham so she can fairly respond, Dkt. 19;
- MOTION for ruling on the exact civil, state and federal right categories for case; including distinction between hate crimes, Dkt. 20;
- MOTION that repeat requests for disability services and accommodations be approved and MOTION to Request Counsel, Dkt. 21;
- MOTION for evidence to be subpoenaed in order to better support response to defendant's motion to dismiss, Dkt. 22; and

- MOTION to move court case immediately before response is due to have opportunity to check with Northern District Court Clerk's in-person and receive Disability Resources, Dkt. 25.[2]

Therein, Plaintiff makes various allegations of misconduct relating to communications in the context of this litigation, including against this Court and Defendants' counsel, and requests, amongst other things, transfers, accommodations, delays, and legal advice as to her Complaint. *See* Dkt. 17-25. These filings do not comply with the Federal Rules of Civil Procedure or the Local Rules of United States District Court for the Central District of Illinois, and fail to clearly set forth any request to which the Defendants are required to, or even are able to, respond.

*Pro se* plaintiffs are understandably given flexibility in complying with certain procedural requirements. However, Plaintiff's filings follow a well-established pattern of sending excessive communications relating to this litigation and then accusing the recipient of misconduct for not responding to or not complying with such requests outside of the normal, expected flow of communication between parties engaged in litigation. Defendants have spent substantial time and resources responding to Plaintiff's various communications and seeking to advise her of the need to direct all communications relating to her litigation through Defendants' counsel and/or the Court, as appropriate. Yet, Plaintiff has continued to seek discovery improperly and to attempt to communicate with the University's employees about matters relating to her legal claims. Plaintiff's recent filings with this Court continue this pattern of nonconformance with basic protocols attendant to litigation communications and the discovery process, which has not yet begun given the procedural posture of this case.

---

[2] Plaintiff also filed a so-called exhibit to the motions at Dkt. 19, 20, 21, and 22 as a separate docket entry, *see* Dkt. 23, and included various emails and other documents as exhibits to her filing at Dkt. 17.

WHEREFORE, for the reasons stated above, the Defendants respectfully request this Court strike Plaintiff's filings at docket entries 17 through 25, and order her to comply with the Federal Rules of Civil Procedure and the Local Rules of United States District Court for the Central District of Illinois.

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ Peter G. Land

Peter G. Land #06229659
peter.land@huschblackwell.com
Mary E. Deweese #6326812
mary.deweese@huschblackwell.com
Husch Blackwell LLP
120 South Riverside Plaza
Suite 2200
Chicago, IL  60606
(312) 526-1633

4

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S FILINGS AT DOCKET ENTRIES 17-25** to be filed with the Clerk of the court using the CM/ECF system, and forwarded via electronic mail, this 18th day of September, 2020 to plaintiff at Meacham.Rose@gmail.com.

/s/ Peter G. Land