IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS – URBANA DIVISION

| | | |
|---|---|---|
| ROSE MEACHAM, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 20-CV-02162 |
| THE UNIVERSITY OF ILLINOIS et al., | ) ) | Honorable Colin S. Bruce |
| Defendants. | ) ) ) | Magistrate Eric I. Long |

**BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS' MOTION FOR A MORE DEFINITE STATEMENT UNDER RULE 12(E), TO STRIKE UNDER RULE 12(F), AND/OR TO DISMISS THE COMPLAINT UNDER RULE 12(B)(6)**

Defendant the Board of Trustees of the University of Illinois ("University"), by and through its attorneys, respectfully moves for a more definite statement under Federal Rule of Civil Procedure ("Rule") 12(e), to strike certain allegations from the Complaint under Rule 12(f), and/or to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6). In support of its Motion, the University states as follows:

1. On June 10, 2020, Plaintiff filed a five-count, 409-paragraph complaint. Dkt. 1 ("Compl.").[1] Therein, Plaintiff asserts the following five claims: violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"); violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"); "violation of tax free status"; and "violation of academic freedom laws."

---

[1] In addition to naming the Board of Trustees of the University of Illinois as a defendant, Plaintiff also names four University employees– Robert Jones, Stephen Bryan, Samuel Beshers, and Aron Barbey (collectively, "Individual Defendants") – and six non-legal entities affiliated with the University – the University of Illinois at Urbana-Champaign, the Office for Student Conflict Resolution, the Graduate College, the Neuroscience Program, the Office of the Dean of the Students, and the Office of the Provost (collectively, "Institutional Defendants") – as defendants in her Complaint. *See* Compl. ¶ 19; *see also* Dkt. 4, 6. The Institutional Defendants are not capable of being sued, and must be dismissed from this action. *See* 110 ILCS 305/1. The Individual Defendants filed a motion to dismiss on August 21, 2020. *See* Dkt. 11; Dkt. 12. Plaintiff was granted until September 15, 2020 to respond to the Individual Defendants' motion to dismiss, and has not done so. *See* Text Order (Aug. 31, 2020).

HB: 4816-9529-7995.1

2. The Complaint fails to comply with Rule 8's requirement that it set forth a short and plain statement of the claim showing entitlement to relief. Instead, the Complaint is so disjointed, sprawling, and nonspecific that the University is not on notice of the basis of Plaintiff's claims against it. The Complaint must be dismissed in its entirety under Rule 12(b)(6) for failure to allege short and plain statements, or in the alternative, Plaintiff should be directed to file a more definitive statement under Rule 12(e) and all redundant, immaterial, impertinent, or scandalous matter should be stricken from the Complaint under Rule 12(f). *See, e.g., U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376, 378-79 (7th Cir. 2003).

3. The Complaint must also be dismissed with prejudice in its entirety under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

4. Counts I, II, and III do not plead unlawful sex discrimination, unlawful disability discrimination, or unlawful retaliation. Specifically, in Count I, Plaintiff does not plead the University took a specific adverse action against her on the basis of her sex, as necessary to state a Title VII claim, *see Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014); in Count II, Plaintiff does not plead she was denied participation in the University's educational programs on the basis of her sex, as necessary to state a Title IX claim, *see Blank v. Knox Coll.*, No. 14-CV-1386, 2015 WL 328602, at *2 (C.D. Ill. Jan. 26, 2015); and in Count III, Plaintiff does not plead that (1) she has a disability that substantially limits a major life activity, *see* 42 U.S.C. § 12102, (2) she was otherwise qualified, *see E.E.O.C. v. Supervalu, Inc.*, 674 F.Supp.2d 1007, 1011 (N.D. Ill. 2009), and (3) the University took action on the basis of her disability, as necessary to state an ADA claim, *see Roberts v. City of Chicago*, 817 F.3d 561, 565-66 (7th Cir. 2016). With respect to all three Counts, Plaintiff does not plead that was retaliated against for engaging in any statutorily protected expression; she does not allege the specific protected

activity, nor does she plead that any adverse action occurred on the basis of her protected activity. *See Bragg v. Navistar Int'l Transp. Corp.*, 164 F.3d 373, 378 (7th Cir. 1998); *Pogorzelska v. VanderCook College of Music*, 442 F.Supp.3d 1054, 1064-65 (N.D. Ill. 2020); *Prince v. Ill. Dep't of Revenue*, 73 F. Supp. 3d 889, 894 (N.D. Ill. 2010). As such, Counts I – III in their entirety must be dismissed with prejudice under Rule 12(b)(6).

5. Counts I and III may additionally require dismissal for failure to exhaust administrative remedies. To the extent Plaintiff bases her Title VII and ADA claims on allegations not made in her EEOC charge, she has not been provided the right to sue on such claims and they must be dismissed. *See Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999); *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500-501 (7th Cir. 1994).

6. Counts IV and V must also be dismissed under Rule 12(b)(6). There is no constitutional, statutory, or common law right that creates a cause of action for "violation of tax free status" or "violation of academic freedom laws." Where a "claim is not based on any known statutory or common law right," it "does not constitute an independent cause of action" and must be dismissed. *Om v. Weathers*, No. 91 C 4005, 1991 WL 128514, at *2 (N.D. Ill. July 8, 1991); *see also Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Schneckenburger v. Securitas Sec. Servs. USA, Inc.,* No. 16-1018, 2016 WL 2642952, at *2 (C.D. Ill. May 9, 2016); *Am. Gen. Life Ins. Co. v. Estate of Pergolski*, No. 12-CV-324-WMC, 2012 WL 12995769, at *6 (W.D. Wis. Nov. 26, 2012). As such, Counts IV and V must be dismissed with prejudice.

WHEREFORE, for the reasons stated above and in the accompanying memorandum of law, the Board of Trustees of the University of Illinois moves to dismiss the Complaint against it in its entirety with prejudice.

HB: 4816-9529-7995.1

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ *Peter G. Land*

Peter G. Land #06229659
peter.land@huschblackwell.com
Mary E. Deweese #6326812
mary.deweese@huschblackwell.com
Husch Blackwell LLP
120 South Riverside Plaza
Suite 2200
Chicago, IL  60606
(312) 526-1633

4

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused the foregoing **MOTION** to be filed with the Clerk of the court using the CM/ECF system, and forwarded via electronic mail, this 21st day of September, 2020 to:

Rose Meacham
325 Ramblewood Drive
Glen Ellyn, IL 60137
Meacham.Rose@Gmail.com.

/s/ *Peter G. Land*