IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS – URBANA DIVISION

| | | |
|---|---|---|
| ROSE MEACHAM, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 20-CV-02162 |
| THE UNIVERSITY OF ILLINOIS et al., | ) ) | Honorable Colin S. Bruce |
| Defendants. | ) ) ) | Magistrate Eric I. Long |

**BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS'
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A MORE DEFINITE
STATEMENT UNDER RULE 12(E), TO STRIKE UNDER RULE 12(F),
AND/OR TO DISMISS THE COMPLAINT UNDER RULE 12(B)(6)**

Plaintiff Rose Meacham was a graduate student at the University of Illinois at Urbana-Champaign ("UIUC") until December 2019, when she was subject to an involuntary withdrawal based on concerns about her conduct, behavior, and wellbeing. In a 409-paragraph, 85-page complaint filed against the Board of Trustees of the University of Illinois ("University") and other defendants,[1] Plaintiff asserts rambling, vague, and cursory allegations regarding purported disability and sex discrimination and retaliation, without clarifying when and how such alleged conduct occurred, or by whom it was allegedly perpetrated. *See generally* Dkt. 1 ("Compl.").

The Complaint then sets forth five counts purporting to bring the following claims: violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") (Count I); violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq*. ("Title IX") (Count II); violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §

---

[1] Plaintiff also names four University employees in her Complaint: Robert Jones, Stephen Bryan, Samuel Beshers, and Aron Barbey (collectively, "Individual Defendants"). Compl. ¶ 19. The Individual Defendants filed a motion to dismiss on August 21, 2020. *See* Dkt. 11; Dkt. 12. Plaintiff also named UIUC, the Office for Student Conflict Resolution, the Graduate College, the Neuroscience Program, the Office of the Dean of the Students, and the Office of the Provost (collectively, "Institutional Defendants"). *See* Compl. ¶ 19; *see also* Dkt. 4, 6. The Institutional Defendants are not capable of being sued. *See* 110 ILCS 305/1. As such, they must be dismissed from this action.

12101 *et seq.* ("ADA") (Count III); "violation of tax free status" (Count IV); and "violation of academic freedom laws" (Count V). The factual and legal bases for Plaintiff's five counts are entirely unclear. As such, the University respectfully requests that the Court order Plaintiff to file a more definite statement under Federal Rule of Civil Procedure ("Rule") 12(e), strike certain allegations from the Complaint under Rule 12(f), and/or dismiss the Complaint with prejudice under Rule 12(b)(6).

## LEGAL STANDARD

***Rule 12(e):*** "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A Rule 12(e) motion requests that the plaintiff "lay out details that enable the defendants to respond intelligently and the court to handle the litigation effectively." *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 849 (7th Cir. 2017); *see also Scott v. City of Chicago*, 195 F.3d 950, 952 (7th Cir. 1999) ("[I]f the claim is unclear, the court should require a plaintiff to prepare a more definite statement under Rule 12(e) instead of 'lavishing attention on the complaint until the plaintiff gets it just right.'").

***Rule 12(f):*** Under Rule 12(f), "[t]he court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Motions to strike should be granted where litigation will be expedited by the "remov[al] of unnecessary clutter from the case." *See Vill. of Bondville v. Windstream Corp.*, No. 13-CV-2078, 2014 WL 2893311, at *3 (C.D. Ill. June 26, 2014), citing *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989).

***Rule 12(b)(6):*** A motion under Rule 12(b)(6) "tests the legal sufficiency of the complaint." *Mutter v. Madigan*, 17 F. Supp. 3d 752, 757 (N.D. Ill. 2014). To survive dismissal, a complaint must be supported by allegations that, if taken as true, plausibly suggest that the plaintiff is entitled

HB: 4852-3107-2459.1

to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court must accept the well-pleaded allegations in the complaint as true; however, legal conclusions and conclusory statements are not taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] Where the well-pleaded facts do not permit the Court to infer more than the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as is required by Rule 8. *Id.* at 679.

## ARGUMENT

I. **Plaintiff's Complaint in its Entirety Must be Dismissed for Failure to Allege Short and Plain Statements, or in the Alternative, Plaintiff Should be Directed to File a More Definitive Statement.**

The Complaint does not contain a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief," *see* Rule (8)(a)(2); rather, Plaintiff has pled a confusing, disjointed series of duplicative, nonspecific allegations that are "essentially incomprehensible" and therefore she fails to state any claims upon which relief may be granted. *See U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003) (prior to dismissal of complaint with prejudice for failure to conform with pleading requirements, judge directed plaintiff to file a more definite statement because "complaint is so sprawling as to be essentially incomprehensible (a Rule 8 problem) and . . . lacks details outlining" the cause of action). "Plaintiff's [C]omplaint is unnecessarily lengthy, redundant, and confusing, making it difficult to determine which alleged wrongdoings, if any, constitute the claimed violations of federal . . . law." *See Fernandez v. Supreme Court of State of Ill.*, No. 02 C 3402, 2002 WL 1008468, at *1 (N.D. Ill. May 17, 2002).

Although courts recognize difficulties inherent with parties who pursue claims *pro se* and thus view such pleadings "through a generous lens," they still require adherence to "the general

---

[2] It is virtually impossible to decipher Plaintiff's factual allegations in a manner that can then be concisely restated, and as such there is no statement of facts presented in this memorandum. However, this memorandum attempts, where relevant and possible, to identify the factual allegations from the Complaint, and presents them in the light most favorable to Plaintiff.

standards applicable to all litigants," such as Rule 8's requirement that a pleading contain a "short and plain statement" demonstrating the plaintiff is "entitled to relief." *Richee v. Velasco*, No. 02 C 7761, 2002 WL 31455982, at *1 (N.D. Ill. Nov. 1, 2002); *see also* Fed. R. Civ. Pro. 8(a)(2). Courts can either dismiss complaints that fail to adhere to pleading standards, such as Plaintiff's Complaint here, or "show great restraint" by directing plaintiffs to provide a more definitive statement or providing plaintiffs with an opportunity to attempt to replead. *See Lockheed-Martin Corp.* 328 F. 3d at 378-79; *see also, e.g., id.* (directing plaintiff to file a more definite statement where complaint was 109 pages containing 345 paragraphs, then where plaintiff filed 23 single-spaced pages in response to such direction, dismissing complaint with prejudice); *Richee*, 2002 WL 31455982, at *1-2 (ordering *pro se* plaintiff to file revised complaint on basis that "85–page handwritten complaint containing 329 paragraphs" did not conform to Rule 8); *Fernandez*, 2002 WL 1008468, at *1 (dismissing 81-page complaint on grounds it did not conform with Rule 8); *Dudley Enterprises, Inc. v. Palmer Corp.*, 822 F. Supp. 496, 499-501 (N.D. Ill. 1993) (dismissing 46-page, 111-allegation complaint that was "confusing, disjointed, and repetitive," causing difficulty in "sorting out the necessary elements and the factual allegations upon which the claims are based").

Plaintiff has "scatter[ed] and conceal[ed] in a morass of irrelevancies the few allegations that matter" across 85 pages and more than 400 paragraphs, making it virtually impossible for the University to understand the basis for the claims against it, as necessary to provide this Court with an appropriate response. *See Lockheed-Martin Corp.*, 328 F.3d at 378. This Court and the University should not be required to "try to fish a gold coin from a bucket of mud" in order to make sense of the Complaint. *See id.*, at 378 (dismissing with prejudice 400 paragraph, 155 page

4

complaint with 99 attachments after plaintiff was given opportunity to file more definite statement).

Rather, based on the manner in which the Complaint presents the asserted claims, the Court should either direct Plaintiff to file a more definitive statement under Rule 12(e) and strike the redundant and immaterial allegations under Rule 12(f), *or* dismiss the Complaint in its entirety under Rule 12(b)(6).[3]

## II. Counts I, II, and III Must be Dismissed for Failure to State a Claim for Discrimination or Retaliation under Title VII, Title IX, or the ADA.

Counts I and II of Plaintiff's Complaint both purport to bring claims for sex discrimination and retaliation; Count I does so under Title VII, and Count II under Title IX. *See* Compl. p. 2 ("Defendant has subjected Plaintiff to a widespread and continuous pattern of unlawful ***sex and disability discrimination***, including unlawful ***retaliation*** for opposing Defendant's discriminatory conduct.") (emphasis added); *id.* ¶¶ 364-377. Count III brings an additional claim for discrimination and retaliation, on the basis of disability in violation of the ADA. *Id.* at p. 2; *id.* at ¶¶ 378-385. Plaintiff has failed to meet the pleading standard to state a claim for discrimination or retaliation under any of these three statutes, and thus her claims must be dismissed.[4]

---

[3] Striking the redundant and immaterial paragraphs under Rule 12(f) is appropriate. However, as the Complaint is so disjointed, sprawling, and lengthy, the University is unable to determine which paragraphs *should not* be stricken.

[4] Plaintiff does not appear to be bringing a hostile environment claim under Title VII, or a harassment claim under Title IX. To the extent she is, however, these claims must be dismissed. The conduct Plaintiff alleges is not sufficiently pervasive or severe to make out a hostile environment claim under Title VII. *See, e.g., Stone v. Bd. of Trs. of N. Ill. Univ.,* 38 F. Supp.3d 935, 945 (N.D. Ill. 2014) (rejecting hostile environment claim where there was "no factual allegation which would plausibly suggest either the severity or pervasiveness of the identified harassment"). Likewise, she has not pled the elements of a deliberate indifference claim so as to allege that any purported harassment violated Title IX. *Cf. Pogorzelska*, 442 F.Supp.3d at 1062-64 (where plaintiff pled that college found that her classmate was "guilty but not guilty" of sexual assault but refused to make accommodations so plaintiff could avoid being near him, such "actions (or inactions) could plausibly be clearly unreasonable under the known circumstances such that they qualify as severe, pervasive, and objectively offensive conduct that supports Plaintiff's deliberate indifference allegations").

### a. Plaintiff fails to plead she was subject to discrimination under Title VII.

To state a claim for sex discrimination under Title VII sufficient to survive a motion to dismiss, Plaintiff must allege that the University took a specific adverse action against her on the basis of her sex. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Plaintiff makes no allegations that any action was so taken on the basis of her sex, much less that she was subject to a specific adverse action on such a basis.

Plaintiff has only plead conclusory statements that she was "subjected to sex discrimination." Compl. ¶ 16. While her Complaint, when "fish[ed]" through, *see Lockheed-Martin Corp.*, 328 F.3d at 378, contains allegations of an action which could conceivably be adverse (i.e., her involuntary withdrawal), she does not allege that any action was taken on the basis of her sex. Likewise, while the Complaint includes vague allegations of discipline, Plaintiff does not allege facts relating to discipline with sufficient detail to determine whether the alleged discipline was an adverse action. *See Herrnreiter v. Chi. Hous. Auth.*, 315 F.3d 742, 744-45 (7th Cir. 2002) (termination or reduction in compensation, benefits, or other financial terms of employment; transfers or changes in job duties resulting in a significant reduction in career prospects; and "humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative" changes in working conditions that objectively create a hardship are adverse employment actions). Because Plaintiff "has yet to illuminate what adverse employment action she suffered because of her sex and what she reported to [the University] as 'discriminatory,'" Count I must be dismissed. *See Smith v. EMB, Inc.*, 576 F. App'x 618, 620 (7th Cir. 2014).

Indeed, the *only* specific event alleged is Plaintiff's withdrawal, which she sometimes characterizes as an alleged "termination" occurring November 17, 2019, and enforced on

6

December 3, 2019. Compl. p. 2; *id.* ¶¶ 10, 14, 30, 100, 115, 128, 146, 150, 192, 195, 325, 363; *see also Herrnreiter*, 315 F.3d at 744-45 (setting forth recognized adverse actions in Seventh Circuit). There are no allegations, however, that her withdrawal was on the basis of her sex but, rather, Plaintiff alleges that she "was removed from her position and from campus because she reported that her manager was not being transparent about the way she measured [Plaintiff]'s performance." Compl. ¶ 147; *see also id.* ¶ 150; *but see id.* ¶ 30. It is thus clear from Plaintiff's own allegations that any adverse action was <u>not</u> on the basis of sex; rather, Plaintiff purports it occurred on the basis of an alleged complaint about the transparency of the performance evaluation process. By Plaintiff's own allegations, Count I does not state a claim for discrimination and must be dismissed.

### b. Plaintiff fails to plead she was subject to discrimination under Title IX.

Similarly, to state a discrimination claim under Title IX, Plaintiff "must allege 1) that . . . she was excluded from participation in or denied benefits of or subjected to discrimination in an educational program; 2) that receives federal financial assistance; and 3) that the exclusion was on basis of sex, i.e., gender." *Blank v. Knox Coll.*, No. 14-CV-1386, 2015 WL 328602, at *2 (C.D. Ill. Jan. 26, 2015). Again, and as explained in § I(a) *supra*, the Complaint contains no allegations of any adverse action on the basis of Plaintiff's sex. Rather, she "leaves it to the Court to infer that connection, which is an unsound manner of pleading a Title IX claim since the crux of such a claim must be intentional sex discrimination." *Id.* As such, Count II must be dismissed under Rule 12(b)(6) for the same reasons as Count I.

### c. Plaintiff fails to plead she was subject to discrimination under the ADA.

To state a claim for disability discrimination, Plaintiff must allege (1) she is disabled; (2) she is "otherwise qualified" to participate in the University's educational programs and/or perform the essential functions of her job with the University with or without reasonable accommodation; and (3) she was excluded from the University's programs and/or subject to an adverse employment

7

action based on her disability. *See Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016) (Title I of the ADA); *Novak v. Bd. of Trs. of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015) (Title II of the ADA).[5] While it is unclear whether Plaintiff alleges disability discrimination in employment or in her educational program, she fails to adequately allege the elements of an ADA claim under any title of the ADA, and as such, Count III must be dismissed.

As a preliminary matter, Plaintiff has not adequately alleged that she has a disability under the ADA, which requires that she have "a physical or mental impairment that substantially limits one or more major life activities," so as to satisfy the first element of an ADA claim. *See* 42 U.S.C. § 12102. Plaintiff pleads that she "has gastrointestinal health issues and Irritable Bowel Syndrome" and "a disability constituting a neuropsychological weakness in processing speed and attention," Compl. ¶ 12, but fails to assert any limitation on any major life activity resulting from those health issues. Instead, Plaintiff specifically states that she "is fully capable of performing at a competitive level," and makes no allegation as to how her purported disabilities affect her generally, much less that they affect a major life activity. *See id*. Because the "Complaint does not explain how, or whether, h[er] various medical conditions substantially limit h[er] major life activities, [Plaintiff] has not sufficiently alleged that [s]he is disabled within the meaning of the ADA." *See Prince v. Ill. Dep't of Revenue*, 73 F. Supp. 3d 889, 893 (N.D. Ill. 2010).

---

[5] While Plaintiff's Complaint contains allegations that she was denied accommodations for her disabilities, *see, e.g.,* Compl. ¶ 14, Count III appears to only state a claim based on disability discrimination, and possibly also retaliation, under the ADA. As such, it does not seem that Plaintiff is bringing a failure to accommodate claim, nor that she is bringing a disparate impact claim. To the extent Count III is interpreted as relying on either such theory, it still fails under Rule 12(b)(6). To allege a failure-to-accommodate claim, Plaintiff must, but has not, allege "that she is a qualified individual with a disability and that the School was aware of her disability yet failed to provide her with a reasonable accommodation." *Klene v. Trs. of Ind. Univ.*, 413 F. App'x 919, 920 (7th Cir. 2011) (citations omitted). To bring a disparate impact claim, Plaintiff must allege that the University generally discriminates against disabled employees and pled factual content showing that the University's treatment creates a "relevant and statistically significant disparity between" employees based on disability. *See Roberts,* 817 F.3d at 566-67. Plaintiff has not made any allegations sufficient to state a failure to accommodate or disparate impact claim.

To satisfy the second prong of an ADA claim, Plaintiff must show that she can, "with or without reasonable accommodation, [] perform the essential functions of" a research assistant position or that she "meets the essential eligibility requirements" of the University's neuroscience program. *See* 42 U.S.C. § 12111, § 12131. It is clear that Plaintiff has not adequately alleged that she was otherwise qualified. In *E.E.O.C. v. Supervalu, Inc.*, the Northern District of Illinois held that an allegation that the plaintiff "was a qualified individual with a disability within the meaning of . . . the ADA" failed to assert that plaintiff "was qualified to perform the essential functions of the job with or without reasonable accommodation." 674 F.Supp.2d 1007, 1011 (N.D. Ill. 2009). Count III does not even contain a "conclusory, formulaic assertion" such as this, much less an allegation that satisfies the pleading standard. *See id.* While Plaintiff makes a general allegation of her capabilities, *see* Compl. ¶ 12, she does not in any way relate this allegation to the essential functions of her job – indeed, she does not plead what the essential functions of a research assistant are, and is it not entirely clear from her Complaint if she was in fact a research assistant at all times relevant, *see id.* ¶ 10 – and likewise, does not relate it to the University's PhD program for neuroscience, or any qualifications for such a program, *see id.* ¶ 9. As such, she has failed to satisfy the ADA pleading standard with respect to the second element.

With respect to the third element of an ADA claim, Plaintiff must – and has not – "plead sufficient facts supporting an inference that the [University] discriminated against [her] 'on the basis of disability'" to survive a motion to dismiss. *See Roberts*, 817 F.3d at 565. Plaintiff makes a litany of allegations she purports are related to disability discrimination, but none of these state a claim under the ADA. *See, e.g., id.* at 565-67 (where adverse action occurred not because of plaintiff's disability but because of a *consequence* of plaintiff's disability, there was no ADA

violation); *see also* § I(a), (b); Compl. ¶ 147. As such, her claim for disability discrimination must be dismissed under Rule 12(b)(6).

### d. Plaintiff fails to plead she was subject to retaliation under either Title VII, Title IX, or the ADA.

Plaintiff also asserts that she was retaliated against in violation of Title VII, Title IX, and the ADA. To state a claim for retaliation, Plaintiff must show that (1) she engaged in a statutorily protected expression; (2) she suffered an adverse action by the University; and (3) there is a causal link between the protected expression and the adverse action. *See Bragg v. Navistar Int'l Transp. Corp.*, 164 F.3d 373, 378 (7th Cir. 1998) (Title VII); *Pogorzelska v. VanderCook College of Music*, 442 F. Supp. 3d 1054, 1064-65 (N.D. Ill. 2020) (Title IX); *Prince*, 73 F. Supp. 3d at 894 (ADA). Plaintiff alleges in only a conclusory manner that she engaged in protected activity, without details as to how and when she purportedly did so. *See e.g.* Compl. ¶¶ 17, 30, 38, 62, 68, 206, 210. The Seventh Circuit has mandated that the protected activity engaged in "must be specifically identified." *Carlson*, 758 F.3d at 828; *see also Smith*, 576 F. App'x at 620. Moreover, a "retaliation claim fails if the plaintiff has not alleged some 'retaliatory motive'" underlying the adverse action." *Pogorzelska*, 442 F. Supp. 3d at 1064-65. Plaintiff has not plead that the University subjected her to any adverse action *on the basis of* her protected activity.

Indeed, Plaintiff herself has pled that the adverse action at issue – her withdrawal, or termination and removal – was motivated by conduct she engaged in which is not subject to statutory protection under Title VII, Title IX, or the ADA. *See* § I(a), *supra*; Compl. ¶ 147. Interpreting the Complaint in the light most favorable to Plaintiff, her factual allegation that she was terminated due to her complaints about her professor's lack of transparency regarding a performance evaluation demonstrate the absence of any conclusory assertion of protected activity.

*See Iqbal,* 556 U.S. at 678. Accordingly, Plaintiff has not alleged a specific protected activity, nor that such activity motivated an adverse action, and has thus failed to state a viable retaliation claim.

In sum, Counts I, II, and III must be dismissed under Rule 12(b)(6) for failure to state a claim for discrimination or retaliation under either Title VII, Title IX, or the ADA.

**III.     Counts I and III May Also Be Barred for Failure to Exhaust Administrative Remedies, and/or For Bringing Claims Beyond the Scope of the EEOC Charge.**

Plaintiff alleges she received notice on May 11, 2020 that the EEOC had issued her a notice of right to sue on March 12, 2020. Compl. ¶ 33. Plaintiff does not attach such notice to the Complaint. To proceed on her employment discrimination claims under Title VII and the ADA in Counts I and III, Plaintiff must first obtain a valid notice of right to sue. *See Bey v. Cook Cty.*, No. 10 C 6902, 2012 WL 3476942, at *1 (N.D. Ill. Aug. 14, 2012) (dismissing Title VII claim due to plaintiff's failure to exhaust administrative remedies). Moreover, she can only bring employment discrimination claims that are "like or reasonably related to" the allegations made in her EEOC complaint. *See Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999) (ADA); *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500-01 (7th Cir. 1994) (Title VII). As such, to the extent Plaintiff has not been specifically provided the right to sue on the allegations comprising her claims arising under Title VII and/or Title I of the ADA, Counts I and III must be dismissed.

**IV.     Dismissal of Counts IV and V is Required Because "Violation of Tax Free Status" and "Violation of Academic Freedom Laws" are Not Legal Claims.**

In Counts IV and V, Plaintiff reasserts her claims that her rights under Title VII, Title IX, and the ADA were violated, and based on these violations, purports to bring a claim for a "violation of tax free status" and a "violation of academic freedom laws." Even generously construing Plaintiff's Complaint, there is no cause of action for a "violation of tax free status" or for a "violation of academic freedom laws," and as such, these claims must be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (a complaint which "lacks even an arguable basis in

11

law," including "claims of infringement of a legal interest which clearly does not exist," should be dismissed under Rule 12(b)(6).

Indeed, where a "claim is not based on any known statutory or common law right," it "does not constitute an independent cause of action" and must be "dismissed as frivolous." *Om v. Weathers*, No. 91 C 4005, 1991 WL 128514, at *2 (N.D. Ill. July 8, 1991) (dismissing claim based on alleged restriction of "advertising capability" as frivolous); *see also Schneckenburger v. Securitas Sec. Servs. USA, Inc.,* No. 16-1018, 2016 WL 2642952, at *2 (C.D. Ill. May 9, 2016) (dismissing "hearsay" claim because "no such cause of action exists" and it "cannot stand alone as a separate cause of action," even though "assertion that . . . discipline/termination was based solely on hearsay is a valid and potentially powerful argument to be made in" Plaintiff's discrimination claim); *Am. Gen. Life Ins. Co. v. Estate of Pergolski*, No. 12-CV-324-WMC, 2012 WL 12995769, at *6 (W.D. Wis. Nov. 26, 2012) (dismissing claim for "suppression of independence" with prejudice where "[n]o such claim exists under Wisconsin state law"). While Plaintiff's allegations in Counts IV and V may – if read generously – relate to Counts I-III, Counts IV and V do not state independent causes of action and must be dismissed with prejudice.

## CONCLUSION

For the reasons stated herein, Plaintiff has failed to state a claim against the University. The Complaint in its entirety should be dismissed with prejudice; or, in the alternative, all redundant, immaterial, impertinent, or scandalous matter should be stricken, and Plaintiff should be ordered to file a more definitive statement.

12

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ *Peter G. Land*

Peter G. Land #06229659
peter.land@huschblackwell.com
Mary E. Deweese #6326812
mary.deweese@huschblackwell.com
Husch Blackwell LLP
120 South Riverside Plaza
Suite 2200
Chicago, IL  60606
(312) 526-1633

HB: 4852-3107-2459.1

## **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that he caused the foregoing **MEMORANDUM** to be filed with the Clerk of the court using the CM/ECF system, and forwarded via electronic mail, this 21st day of September, 2020 to:

Rose Meacham
325 Ramblewood Drive
Glen Ellyn, IL 60137
Meacham.Rose@Gmail.com.

                                      /s/ *Peter G. Land*

HB: 4852-3107-2459.1