E-FILED
Thursday, 12 November, 2020 01:49:59 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| ROSE MEACHAM,<br><br>        **Plaintiff,**<br><br>v.<br><br>**UNIVERSITY OF ILLINOIS URBANA-CHAMPAIGN,**<br><br>        **Defendant.** | Case No. 20-2162 |

**ORDER**

This mater is before the Court on motions filed by *pro se* Plaintiff, including docket entries 17, 18 19, 20, 21, 22, 25, and 32. Defendants filed a response to docket entries 17, 18, 19, 20, 21, 22, and 25 (#27). Defendants ask the Court to strike Plaintiff's filings and direct her to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of Illinois. For the reasons provided below, docket entries 17, 19, 21, 22, and 32 are denied, docket entry 25 is denied in part and granted in part, and docket entries 18 and 20 are denied as moot.

**I.**    **Background**

Plaintiff's Complaint alleges that Defendant University of Illinois ("University")[1] discriminated against Plaintiff on the basis of disability and gender while she was employed by the University. Plaintiff maintains that she was offered "employment and a PhD contract" with the University, but that after she engaged in protected activity, the University changed the offer of employment.[2]

---

[1] The proper Defendant is the Board of Trustees of the University of Illinois as noted in Defendants' Motion to Dismiss.

[2] Defendants Aron Barbey, Samuel Bashers, Stephen Bryan, and Robert Jones filed a Motion to Dismiss (#11) that is pending before the district judge. Defendant Board of Trustees of the University of Illinois filed a Motion to Dismiss (#28) on September 21, 2020, that also remains pending.

**II.    Analysis**

The following motions are pending before the Court:[3]

- Docket Entry 17: Motion for Counsel, Motion to Transfer Case, Motion for Orders of Protection, and Motion to Compel;
- Docket Entry 19: Motion for Counsel;
- Docket Entry 21: Motion for Disability Assistance; Motion for Counsel, Motion to Compel;
- Docket Entry 22: Motion to Compel;
- Docket Entry 25: Motion to Transfer, Motion for Extension of Time;
- Docket Entry 32: Motion for Status Conference; and
- Docket Entries 18 and 20: letters from Plaintiff that do not seek any obvious relief from the Court.

**a. Docket Entry 17**

Docket Entry 17 contains multiple requests. First, Plaintiff asks that this case be assigned to a new judge and that the case be transferred to the Northern District of Illinois. Plaintiff maintains that the Clerk's Office in the Central District refuses to file her documents and that she "hope[s] to receive more fair and unbiased treatment" in the Northern District. Even taking all of Plaintiff's allegations against the Clerk's Office as true, she has not alleged bias or prejudice on the part of either judge assigned to this case. *See* 28 U.S.C. § 455; *see also O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001) ("Section 455(b)(4) requires recusal if the judge's impartiality might reasonably be questioned by a 'well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person.'").

Furthermore, it appears the Clerk's Office was correctly instructing Plaintiff on the method of filing under the Central District's General Order 20-02.[4] Plaintiff's attempted filings did not comply with the General Order's formatting and submission requirements.

---

[3] Plaintiff's motions are not titled and are written as letters to the Court. The letters contain requests that the Court has construed as motions.

[4] General Order 20-02 provides guidance to pro se Plaintiff on filing documents by e-mail during the COVID-19 pandemic.

The Clerk's Office directed Plaintiff to General Order 20-02 and instructed her on the formatting requirements.

Because Plaintiff has not shown bias on behalf of the judges assigned to this case, Plaintiff's request for her case to be reassigned is denied.

Second, Plaintiff asks the Court to appoint counsel. The Court directs Plaintiff to use the Court's form Motion to Request Counsel attached to this Order. Plaintiff should complete the Motion in its entirety, including instruction number 2 requiring Plaintiff to list the attorneys/organizations from which she has sought representation. Plaintiff's request for counsel is denied at this time, with leave to file a motion for counsel using the attached form. Only a request for counsel made using this form will be considered by the Court.

Third, Plaintiff asks the Court to rush her outstanding requests and protect her physical safety by issuing orders of protection against a list of individuals. This Court does not have authority to issue orders of protection as to individuals not party to this case. *See Paclik v. Urquiaga-Paclik*, 2007 WL 1725310 at *3 (June 12, 2007, S.D. Ill). For this reason, Plaintiff's request for orders of protection is denied.

Finally, Plaintiff seeks responses to her FOIA requests from the University. If Plaintiff's claims survive the district judge's ruling on the pending motions to dismiss, the Court will issue a scheduling order, providing a timeline for the exchange of documents and information. Plaintiff's requests for documents is premature and is denied.

For these reasons, docket entry 17 is denied.

**b. Docket Entry 19**

In docket entry 19, Plaintiff again asks the Court to appoint counsel to represent her. For the same reasons discussed above, Plaintiff's request for counsel is denied at this time.

**c. Docket Entry 21**

Plaintiff repeats her request for counsel and asks the Court to grant her request for disability services and accommodations. Plaintiff does not identify her alleged disabilities

or specify the accommodations or services she seeks.[5] Instead, she asks for this assistance so that she has a "fair chance throughout these court proceedings." Plaintiff's request is denied as she has made no showing of what specific accommodations she needs nor shown a basis for those accommodations.

### d. Docket Entry 22

Docket Entry 22 appears to be a motion to compel documents from the University. As discussed above, Plaintiff's requests for documents is premature and is denied.

### e. Docket Entry 25

Docket Entry 25 repeats the same requests, including the request to transfer this case to the Northern District of Illinois, request for counsel, and request for disability services. These requests are denied for the reasons provided above. Plaintiff also appears to seek an extension of time to respond to the pending motions to dismiss. This request is granted. **Plaintiff's deadline to respond to the pending Motions to Dismiss (#11, 28) is extended to November 30, 2020.**

### f. Docket Entry 32

Plaintiff requests a status conference. As this Order fully updates Plaintiff on the status of this case, Plaintiff's request is denied. Once Plaintiff files her responses to Defendants' Motions to Dismiss, she should await the district judge's ruling. Once the district judge rules on the Motions to Dismiss, this Court will enter a scheduling order if needed and will schedule any necessary hearings.

### g. Docket Entries 18 and 20

Docket entries 18 and 20 are letters from Plaintiff to the Court. Plaintiff does not appear to seek any relief in these letters. The letters are denied as moot.

## III. Conclusion

For these reasons, docket entries 17, 19, 21, 22, 32 are DENIED, docket entry 25 is DENIED in part and GRANTED in part, and docket entries 18 and 20 are DENIED as

---

[5] Instead, Plaintiff argues that if the case is transferred to the Northern District of Illinois, she would be able to receive assistance from the Northern District's Clerk's Office in formatting her documents.

moot. Plaintiff's deadline to respond to the pending Motions to Dismiss is extended to November 30, 2020.

The Court directs the Clerk to include a copy of the form Motion for Counsel with this Order.

ENTERED this 12th day of November, 2020.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE
